**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 23 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERONICA DEL CARMEN LOPEZ-REVOLORIO; et al., | No. 22-671 |
| Petitioners, | Agency Nos. A212-901-228 A212-901-229 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Beronica Del Carmen Lopez-Revolorio and her daughter, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum, and denying Lopez-Revolorio's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

We do not disturb the agency's determination that Lopez-Revolorio failed to establish she suffered harm that rises to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's determination that Lopez-Revolorio failed to establish an objectively reasonable fear of future persecution in Guatemala. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, petitioners' asylum claim fails.

Because Lopez-Revolorio failed to establish eligibility for asylum, she failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, Lopez-Revolorio's

2                                                                22-671

withholding of removal claim fails.

Substantial evidence supports the agency's denial of Lopez-Revolorio's request for CAT protection because she failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject Lopez-Revolorio's contention as to the applicability of a lower standard of proof for CAT protection.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**